UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Johnny Compton, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 02-1397 |
| | ) | |
| Illinois Department of Corrections, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER AND
REPORT AND RECOMMENDATION**

Now before the court is the defendant's motion for sanctions (#47) and the plaintiff's motion to continue (#49). The motions are fully briefed, and pursuant to Local Rule 72.1, the district judge has referred the matter to me for a report and recommendation. The motion to continue is denied for the reasons stated below. Pursuant to 28 U.S.C. §636(b)(1)(B), I recommend that the motion for sanctions be allowed and that this case be dismissed for lack of prosecution.

On March 27, 2006, defendants filed a motion for sanctions, asserting that they had properly noticed up the plaintiff's deposition and that he had failed to appear for that deposition. In response, plaintiff acknowledged the truth of that matter and moved to continue the date of the deposition due to serious health concerns - he asserted that he had suffered a stroke and was under doctor's orders to avoid stressful situations.

The court deferred ruling on the motion for sanctions and ordered Compton to file a letter from his physician supporting his assertions and explaining when he would be available to proceed with this deposition. Compton did not respond in any fashion. His motion to continue is therefore denied.

This case is nearly 3 ½ years old, and plaintiff has yet to sit for his deposition. It is unclear if any other discovery has been done. A new schedule was implemented at a hearing on Dec. 13, 2005, setting March 31, 2006 as the deadline for discovery. Plaintiff's conduct has now mooted that deadline, and it is impossible to tell if this case will ever be prosecuted by the plaintiff. I therefore conclude that plaintiff has failed in his duty to prosecute this case. Pursuant to Fed.R.Civ.P. 41(b), I therefore recommend that this case be dismissed. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 739 (7th Cir. 1999); <u>Video Views Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986).

ENTER this 28th day of April, 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE